46 F.3d 1128
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Isaac NICHOLS, Defendant-Appellant.
United States of America, Plaintiff-Appellee,
v.
Fausto Cepeda, Defendant-Appellant.
 Nos. 94-5275, 94-5296.
 United States Court of Appeals, Fourth Circuit.
 Submitted Jan. 19, 1995.
Decided Feb. 9, 1995.
 
 Sa'ad El-Amin, El-Amin & Crawford, Richmond, VA, for appellant Nichols.
 Lisa Lawrence, Richmond, VA, for appellant Cepeda.
 Helen F. Fahey, U.S. Atty., David T. Maguire, Asst. U.S. Atty. and Kara L. Gibbon, Third Year Law Student, Richmond, VA, for appellee.
 Before WILKINS and MICHAEL, Circuit Judges, and SPROUSE, Senior Circuit Judge.
 
 OPINION
 PER CURIAM
 
 1
 In these consolidated appeals, Isaac Nichols appeals the sentence he received after his guilty plea to conspiracy to possess with intent to distribute and to distribute more than fifty grams of crack cocaine, 21 U.S.C.A. Sec. 846 (West Supp.1994), and Fausto Cepeda appeals his conviction for the same offense. We affirm.
 
 
 2
 Nichols contends that the district court erred in failing to explain its refusal to depart from criminal history category VI to category V. The sentencing court's discretionary decision not to depart is not reviewable on appeal. United States v. Bayerle, 898 F.2d 28, 31 (4th Cir.), cert. denied, 498 U.S. 819 (1990). Because the appeal can be decided on this basis, we do not reach the government's claim that Nichols waived his right to appeal.*
 
 
 3
 Cepeda maintains that the district court failed to comply with Fed.R.Crim.P. 11 in that it did not determine either that he understood the elements of the offense to which he was pleading guilty, or that he was admitting conduct which constituted those elements. He also argues that the court erred in failing to make a further inquiry into the voluntariness of his plea at his sentencing hearing after he filed a motion to withdraw his guilty plea and then withdrew the motion. Last, he contends that he received ineffective assistance of counsel in connection with the motion to withdraw his guilty plea. We find no merit in any of these contentions.
 
 
 4
 Under Rule 11(c), before accepting a guilty plea, the district court is required to address the defendant personally and determine that he understands the nature of the charge to which he is pleading guilty. In this case, after hearing the factual basis for the plea, the court asked Cepeda whether he had been involved in a conspiracy to distribute more than fifty grams of crack cocaine; Cepeda answered in the affirmative. This inquiry was sufficient to comply with the rule.
 
 
 5
 Prior to sentencing, Cepeda filed a motion to withdraw his guilty plea. In the motion, Cepeda claimed that he had not understood the consequences of the plea, although the district court had explained during the Rule 11 hearing that the offense carried a mandatory minimum sentence of ten years and a statutory maximum sentence of life in prison. At the sentencing hearing, Cepeda withdrew his motion to withdraw his guilty plea. Having been informed by Cepeda personally that he wished to withdraw the motion, the district court at that point in the proceedings was under no duty to inquire further into the voluntariness of the guilty plea.
 
 
 6
 Finally, a claim of ineffective assistance of counsel should be raised in a 28 U.S.C. Sec. 2255 (1988) motion rather than on direct appeal unless ineffectiveness is conclusively shown by the record below. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir.1991), cert. denied, 60 U.S.L.W. 3717 (U.S.1992). Because the record does not establish ineffectiveness in this case, we do not reach the issue.
 
 
 7
 We therefore dismiss the appeal in No. 94-5275 for lack of jurisdiction. We affirm the conviction in No. 94-5296. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 No. 94-5275--DISMISSED
 No. 94-5296--AFFIRMED
 
 
 *
 Nichols' plea agreement contains a waiver provision. To be valid, however, a waiver must be brought to the defendant's attention during his guilty plea hearing. The joint appendix does not include the transcript of Nichols' guilty plea hearing. Because we need not reach the waiver issue, we have not asked the parties to supplement the joint appendix